IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CONNIE S. BANE**                                                                  **PLAINTIFF**

**v.**                          **No. 5:18-CV-00030-JM-JTK**

**NANCY A. BERRYHILL,**
**Deputy Commissioner for Operations,**
**performing the duties and functions**
**not reserved to the Commissioner of**
**Social Security**                                              **DEFENDANT**

## RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James Moody. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### REASONING FOR RECOMMENDED DISPOSITION

Connie Bane applied for social security disability benefits with an amended alleged onset date of January 30, 2013. (R. at 51). After a hearing, the administrative law judge (ALJ) denied her application. (R. at 24). The Appeals Council denied her request for review. (R. at 2). The ALJ's decision now stands as the Commissioner's final decision, and Bane has requested judicial review.

For the reasons stated below, the undersigned magistrate judge recommends reversing and remanding the Commissioner's decision.

**I.**     **The Commissioner's Decision**

The ALJ found that, through the date last insured, Bane had the severe impairments of fibromyalgia, migraine headaches, affective disorder, and irritable bowel syndrome (clostridium difficile). (R. at 16). The ALJ then found that, through the date last insured, Bane's impairments left her with the residual functional capacity (RFC) to lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk six hours in an eight-hour workday; sit for six hours in an eight-hour workday; push and/or pull twenty pounds occasionally and ten pounds frequently; work with a sit/stand option allowing for standing and/or walking in twenty to thirty minute intervals and sitting in twenty minute intervals; occasionally stoop to reach tabletop level; occasionally crouch and kneel with the ability to hold on to something to help her rise; understand, remember, and carry out simple job instructions; make judgments in simple work-related situations; respond appropriately to coworkers/supervisors; and respond appropriately to minor changes in usual work routine. (R. at 18). The RFC precluded Bane's past relevant work. (R. at 22). However, a vocational expert (VE) testified that a person with Bane's RFC could perform jobs such as cashier II or store facility rental clerk. (R. at 23). The ALJ therefore held that Bane was not disabled through the date last insured. (R. at 24).

## II.  Discussion

The Court is to affirm the ALJ's decision if it is not based on legal error and is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

Bane argues that the ALJ failed to find her stress incontinence a severe impairment; reached an RFC determination that is not based on substantial evidence; failed to include limitations in the RFC consistent with the moderate limitations in concentration, persistence, or pace found at step three; failed to account for her need for breaks-at-will and consistent absenteeism; reached an inconsistent RFC determination where she was limited to occasional bending but would shift from sitting to standing every twenty to thirty minutes; and failed to call upon a medical advisor. As the undersigned finds that the ALJ failed to account for all of Bane's impairments in the RFC, it is not necessary to reach her other points.

The RFC must include limitations related to all of a claimant's impairments, both severe and non-severe. *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008). The ALJ found that Bane's irritable bowel syndrome was a severe impairment and acknowledged that she also suffered from stress incontinence. (R. at 20). The ALJ was not free to disregard her stress incontinence in composing the RFC merely because he did not find it to be a severe impairment. The RFC contains various limitations, but none of them appear to accommodate either irritable bowel syndrome or stress incontinence.

Incontinence can be a severe impairment requiring non-exertional limitations. *Crowley v. Apfel*, 197 F.3d 194, 198–99 (5th Cir. 1999). The Commissioner argues that Bane's past gambling problem indicates that her incontinence does not prevent her from working. This argument is without merit. While Bane admitted to spending a great amount of time in casinos, she also stated she took bathroom breaks. (R. at 70). Clearly, there are no consequences for taking frequent bathroom breaks while gambling that are comparable to the difficulties such breaks would present in a working environment. She

also testified to keeping an extra set of clothes in her car in case she needed to change due to her incontinence. (R. at 70).

The Commissioner acknowledges that the treatment records indicate that Bane continued to have issues with her incontinence even after surgery to address the issue. (R. at 396, 413–14, 424, 440, 562, 792, 819). The Commissioner argues, however, that Bane's activities, including repairing a roof in one of her trailers, indicates that her incontinence does not cause appreciable difficulties. (R. at 687). The undersigned cannot agree. Again, engaging in activities in the privacy of one's home does not carry the same consequences for incontinence as does working in a competitive work environment. At home, one has the opportunity at home to go to the bathroom as much as one needs or to change clothes as necessary or to at least avoid the public embarrassment that incontinence can cause. This is not so in a working environment. Such considerations are essential, as the question is not whether Bane can engage in some activities at home, but whether she can perform work activities day in and day out in the sometimes stressful conditions of a competitive work environment. *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007). The undersigned can identify no limitations in the RFC that would account for Bane's particular difficulties resulting from her incontinence and irritable bowel syndrome, and this omission is error.

## III.    Recommended Disposition

The ALJ failed to include limitations in the RFC relating to Bane's incontinence and irritable bowel syndrome. The ALJ's decision is therefore not supported by substantial evidence on the record as a whole. For these reasons, the undersigned magistrate judge recommends REVERSING and REMANDING the decision of the Commissioner with instructions to develop the record as necessary and to redetermine

4

Bane's RFC with proper limitations relating to all of her medically determinable impairments, including incontinence and irritable bowel syndrome.

Dated this 25th day of September, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE